UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Travis Houston,<br><br>    Plaintiff<br><br>v.<br><br>Jerry A. Wiese II, et al.,<br><br>    Defendants | Case No.: 2:25-cv-01364-JAD-DJA<br><br>**Three Strikes Order Denying *In Forma Pauperis* Application and Ordering Houston to Pay $405 Filing Fee** |

Plaintiff Matthew Travis Houston, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC), is subject to a vexatious-litigant pre-filing order that I issued in one of his many prior cases, *Houston v. Encore Event Technologies, et al.*, 2:22-cv-01740-JAD-EJY.[1] That order states that before Houston can file a new action in this court using any pages that he has already filed in another case, he must satisfy three conditions:

- He must apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File";
- That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and
- Houston must attach a copy of my order to that application.[2]

Chief U.S. District Judge Andrew Gordon found that Houston met the pre-filing requirements in

---

[1] *See Houston v. Encore Event Technologies, et al.*, 2:22-cv-01740-JAD-EJY, ECF No. 30.
[2] *Id.* at 8.

this case and permitted the Clerk of the Court to file this new action.[3] So Houston has satisfied his pre-filing requirements under my vexatious-litigant order.

But Houston is not entitled to prosecute this new case with the benefits of *in forma pauperis* (IFP) status. To bring a civil lawsuit in this court, a litigant must pay the full $405 filing fee up front, and the court will typically dismiss a case in which the plaintiff fails to do so. 28 U.S.C. § 1915(a) allows the court to award IFP status to qualifying inmate plaintiffs, and Houston applies to proceed IFP.[4] That status allows an indigent litigant to move forward with a case without prepaying the filing fee; instead the court will withdraw a percentage of the inmate's account over time until the fee is paid in full. Importantly here, IFP status is not available to an inmate-plaintiff who has had three or more cases or appeals dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" unless he is "under imminent danger of serious physical injury."[5] This rule is known as the "three-strikes rule" for IFP applicants.

Houston has three strikes. Two different federal district courts and the Ninth Circuit have dismissed civil actions and appeals that he commenced while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[6] So Houston must pay the full filing fee unless he is under imminent danger of serious physical injury.

---

[3] *See Houston v. Wiese II*, 2:25-cv-01364-JAD-DJA, ECF No. 3.

[4] ECF No. 1 at 1-10; ECF No. 1-1.

[5] 28 U.S.C. § 1915(g).

[6] *See Houston v. Encore Event Technologies*, 4:22-cv-00380-RGE-SBJ (dismissed by Southern District of Iowa, Central Division, for failure to state a claim on December 1, 2022); *Houston v. Encore Event Technologies*, 2:22-cv-01740-JAD-EJY (dismissed by District of Nevada for failure to state a claim on April 13, 2023); *Houston v. Lombardo*, 2:22-cv-01685-JCM-DJA (appeal dismissed by Ninth Circuit as frivolous on September 27, 2023); and *Houston v. Howell*, 2:19-cv-01371-JAD-DJA (appeal dismissed by Ninth Circuit as frivolous on February 23, 2023).

Houston has not shown that he is at such a risk. He generally alleges that, since September 2016 to the present, he has been wrongfully convicted, he receives death threats in his mail, and that prison gangs are trying to murder him. He claims that from September 2016 through March 13, 2025, his legal documents and religious property have gone missing due to retaliation. He adds that on May 11 and 12, 2025, prison gangs threw urine and feces at him on his way to his parole meeting—gangs that he claims have murdered and injured other inmates at the prison and which go after him unprovoked because of his "previously exhausted grievances."[7]

These allegations fail to plausibly allege that Houston is in imminent danger of serious physical injury at the time he filed his complaint.[8] The most recent allegations assert that unspecified inmates threw urine and feces at Houston two months prior to filing this complaint. The majority of the events Houston takes issue with took place in 2016, long before the complaint's filing. And to the extent that Houston is attempting to claim actual innocence and assert a wrongful conviction, those are habeas claims that cannot be raised in this § 1983 civil-rights action.[9]

**Conclusion**

Because Houston has not demonstrated that he is under imminent danger of serious physical injury, he may not proceed *in forma pauperis* and instead must pay the full $405 filing

---

[7] *Id.* at 1–5.

[8] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing).

[9] *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (holding that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief).

fee to proceed with this case. IT IS THEREFORE ORDERED that **the application to proceed *in forma pauperis* [ECF No. 1 at 1-10] is DENIED.**

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **SEND** Houston two copies of this order.

IT IS FURTHER ORDERED that **this action will be dismissed without prejudice unless Houston pays the $405 filing fee in full on or before October 17, 2025**. Houston must make the necessary arrangements to have one copy of this order attached to the check paying the filing fee. Houston is cautioned that **this court will not grant any requests for extension of this filing-fee deadline.**[10]

Dated: September 17, 2025

_____
U.S. District Judge

---

[10] After U.S. District Judge Anne Traum denied Houston's application to proceed *in forma pauperis* for failing to allege imminent danger of serious physical injury at the time of filing in *Houston v. State of Nevada,* 3:25-cv-00053-ART-CSD, Houston attempted to keep the case open for several more months by asking for multiple extensions of time to pay the full filing fee; yet he never paid the fee. On July 10, 2025, Judge Traum ultimately dismissed the case without prejudice. Shortly after, Houston initiated this case.

4