# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Travis Houston,<br><br>        Plaintiff<br>v.<br><br>Jerry A. Wiese II, et. al.,<br><br>        Defendants | Case No. 2:25-cv-01364-JAD-DJA<br><br>**Order Dismissing<br>and Closing Case** |

Plaintiff Matthew Travis Houston brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated with the Nevada Department of Corrections. On September 17, 2025, I denied Houston's application to proceed *in forma pauperis* and ordered him to pay the $405 filing fee in full by October 17, 2025, because he had three strikes under 28 U.S.C. § 1915(g) and did not plausibly allege that he was in imminent danger of serious physical injury at the time he filed his complaint.[1] I warned Houston that this action would be dismissed if he failed to pay the $405 filing fee by that deadline and cautioned him that I would not grant any request for an extension of the filing-fee deadline.[2] That deadline expired and Houston did not pay the filing fee. Instead, he submitted a "renewed" application to proceed *in forma pauperis* with a copy of a receipt from a different court and a "motion to compel" containing newspaper articles and prison grievances.[3]

---

[1] ECF No. 6.
[2] *Id*. at 4.
[3] ECF Nos. 7, 8.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[5] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Houston's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8] Courts

---

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the

"need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9] Because this action cannot realistically proceed until and unless Houston pays the $405 filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. In *Houston v. State of Nevada*, 3:25-cv-00053-ART-CSD, another three-strikes case, Houston attempted to delay the inevitable by keeping his case open for several more months by filing multiple requests for extensions of time; yet, in the end, he never paid the filing fee.

The circumstances here do not indicate that this case will be an exception as there is no hint that Houston has the ability to pay the $405 filing fee now or evidence that he did not receive the original order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on Houston's failure to pay the filing fee in compliance with the court's order. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 18, 2025

---

"initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson*, 779 F.2d at 1424.